IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re ) | |
| ) | Case No. 15-13258 MER |
| JAMES ALAN VONKREUTER ) | |
| ) | Chapter 13 |
| Debtor. ) | |

**ORDER**

This matter comes before the Court regarding the Application for Payment of Administrative Claim[1] ("Application") filed by counsel for the debtor ("Movant"), the response[2] thereto filed by the former standing Chapter 13 trustee ("Trustee"), and Movant's subsequent brief in support of the Application.[3] In the wake of the United States Supreme Court's *Harris v. Viegelahn*[4] decision, Movant asks this Court to determine whether allowed administrative expense claims pursuant to 11 U.S.C. §§ 503(b) and 1326(a)(2)[5] may be paid from undisbursed postpetition earnings upon the pre-confirmation conversion of a case from Chapter 13 to Chapter 7. The Trustee did not take a position, but responded seeking the same determination.

This Court can appreciate the need to address this issue, in light of the immediate impact of *Harris* on pending and future Chapter 13 cases. In *Harris*, the Supreme Court concluded undisbursed postpetition earnings held by a Chapter 13 trustee under a confirmed plan at the time a case is converted to a Chapter 7 may not be disbursed to creditors, and must be returned to the debtor.[6] Although the Supreme Court did not address the precise question at bar, as set forth below, this Court joins the growing post-*Harris* majority, holding absent bad faith conversion, the former Chapter 13 trustee must return

---

[1] Application for Payment of Administrative Claim for Attorney Fees Incurred in Connection with Chapter 13 Filing (Docket No. 53).

[2] Trustee's Response (Docket No. 58).

[3] Movant's Brief (Docket No. 66).

[4] *Harris v. Viegelahn*, ––– U.S. –––, 135 S. Ct. 1829, 191 L. Ed. 2d 783 (2015).

[5] Unless otherwise noted, all statutory references in the text refer to Title 11 of the United States Code.

[6] *See Harris v. Viegelahn*, 135 S. Ct. at 1835.

any undisbursed postpetition earnings to the debtor upon conversion to Chapter 7.

## BACKGROUND

The relevant facts are undisputed. On March 31, 2015, debtor James Alan VonKreuter ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code through Movant. At the time this case was filed, Movant received $1,425.00 for the representation of the Debtor, with any allowed remaining balance to be paid through a Chapter 13 plan.

Prior to confirming a Chapter 13 plan, on September 21, 2015, the Debtor voluntarily sought conversion from Chapter 13 to Chapter 7 under § 1307(a). In support of conversion, the Debtor stated he was no longer able to make plan payments and was ineligible for Chapter 13 relief under § 109(e) due to the amount owed to unsecured creditors. On the same date, this bankruptcy case was converted to Chapter 7, and the Trustee was in possession of $665.00 in undisbursed postpetition wages from the Debtor. There are no allegations or evidence to suggest the Debtor sought conversion to Chapter 7 in bad faith.

On October 7, 2015, Movant filed the Application, seeking payment of an administrative expense claim for attorneys' fees incurred during the pendency of the Chapter 13 case, and an order for the Trustee to pay the undisbursed $665.00 to Movant. As a result of the *Harris* decision, the Trustee filed his Objection to the Application taking no position, but seeking a determination on the issue presented.

## DISCUSSION

### A.   *Harris v. Viegelahn*

The Supreme Court's holding in *Harris* is clear - absent bad faith, any undisbursed postpetition wages must be returned to the debtor upon conversion from Chapter 13 to Chapter 7.[7] In reaching this conclusion, the Supreme Court primarily relied on § 348, as well as several other provisions of the Bankruptcy Code. A review of the relevant Bankruptcy Code provisions as addressed by the Supreme Court is instructive before reaching the question raised in Movant's Application.

At the outset of *Harris*, Justice Ruth Bader Ginsburg, writing for a unanimous United States Supreme Court, observed as follows:

---

[7] *See id.* at 1837. This Court will not reach the effect of dismissal of a Chapter 13 case versus conversion to Chapter 7 because dismissal is not an issue before the Court.

> This case concerns the disposition of wages earned by a debtor *after* he petitions for bankruptcy. . . . In a Chapter 13 proceeding, postpetition wages are "[p]roperty of the estate," 11 U.S.C. § 1306(a), and may be collected by the Chapter 13 trustee for distribution to creditors, § 1322(a)(1). In a Chapter 7 proceeding, those earnings are not estate property; instead, they belong to the debtor. See § 541(a)(1). The Code permits the debtor to convert a Chapter 13 proceeding to one under Chapter 7 "at any time," § 1307(a); upon such conversion, the service of the Chapter 13 trustee terminates, § 348(e).[8]

After noting the § 348(f)(2) bad faith conversion exception, Justice Ginsburg added "§ 348(f) limits a converted Chapter 7 estate to property belonging to the debtor 'as of the date' the original Chapter 13 petition was filed. Postpetition wages, by definition, do not fit that bill."[9]

Having eliminated the Chapter 7 estate from the equation and turning to the issue presented in *Harris*, the Supreme Court succinctly framed and answered the following:

> What happens to postpetition wages held by a Chapter 13 trustee at the time the case is converted to Chapter 7? Does the Code require return of the funds to the debtor, or does it require their distribution to creditors? We conclude that postpetition wages must be returned to the debtor.[10]

Although returning undistributed funds to a debtor is seemingly counterintuitive, the Supreme Court principally relied on § 348(f)(1)(A), which removes postpetition "earnings from the pool of assets that may be liquidated and distributed to creditors[,]"[11] and § 348(e), which terminates the services of a Chapter 13 trustee upon conversion.[12] The Supreme Court reasoned that

---

[8] *Id.* at 1834 (emphasis in original).

[9] *Id.* at 1837.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 1838 ("The moment a case is converted from Chapter 13 to Chapter 7 . . . the Chapter 13 trustee is stripped of authority to provide [the disbursement of payments to creditors]. § 348(e).").

accumulated Chapter 13 plan payments could not be disbursed to creditors after conversion to Chapter 7 without violating those two provisions.[13]

In addition, the Supreme Court expressly rejected the former trustee's arguments that undisbursed funds must be distributed to creditors pursuant to §§ 1326(a)(2) and 1327(a) upon conversion:

> When a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. § 103(i) ("Chapter 13 . . . applies only in a case under [that] chapter."). Harris having converted the case, the Chapter 13 plan was no longer "bind[ing]." § 1327(a). And Viegelahn, by then the *former* Chapter 13 trustee, lacked authority to distribute "payment[s] in accordance with the plan." § 1326(a)(2); see § 348(e).[14]

The above pronouncement that "no Chapter 13 provision holds sway," coupled with the Supreme Court's unequivocal holding that "under the governing provisions of the Bankruptcy Code, a debtor who converts to Chapter 7 is entitled to return of any postpetition wages not yet distributed by the Chapter 13 trustee[,]"[15] warrants the broad application of *Harris* to cases converted from Chapter 13 to Chapter 7. Ultimately, *Harris* stands for the proposition any undisbursed postpetition earnings must be returned to the debtor upon conversion from Chapter 13 to Chapter 7 under § 1307(a), absent a finding of bad faith under § 348(f)(2).[16]

### B. *Harris v. Viegelahn* Precludes Payment of Administrative Expense Claims Upon Conversion to Chapter 7 Regardless of Whether a Plan is Confirmed.

"To gild refined gold, to paint the lily, to throw a perfume on the violet, to smooth the ice, or add another hue unto the rainbow, or with taper-light to seek the beauteous eye of heaven to garnish, is wasteful and ridiculous excess."[17] As it relates to the instant matter, this Court would add to this list the factual

---

[13] *See id.*; *see also In re Marshall*, 2016 WL 402386, at *1 (Bankr. W.D. La. Jan. 28, 2016).

[14] *Harris v. Viegelahn*, 135 S. Ct. at 1838 (emphasis in original).

[15] *Id.* at 1835.

[16] *See id.* at 1837.

[17] WILLIAM SHAKESPEARE, THE LIFE AND DEATH OF KING JOHN, act 4, sc. 2 (1595).

distinction between a debtor seeking conversion before confirmation of a Chapter 13 plan and a debtor seeking conversion after confirmation.

In *Harris*, the debtor confirmed a Chapter 13 plan and then sought conversion to Chapter 7 under § 1307(a). This fact stands as the sole pillar supporting Movant's argument that *Harris* is limited to conversions after a plan has been confirmed. Other than that single fact, throughout the *Harris* opinion, the Supreme Court uses the term "conversion" without any reference to when conversion was sought by the debtor under § 1307(a). Indeed, the temporal factual distinction between seeking conversion before or after confirmation has generated several post-*Harris* companion cases.

Movant argues if conversion of a case from Chapter 13 to Chapter 7 occurs prior to confirmation of a plan, allowed administrative expense claims may be paid from undisbursed postpetition earnings. This argument is premised on giving effect to the third sentence of § 1326(a)(2), and the observation the Supreme Court did not specifically address payment of administrative expense claims under § 503(b) upon conversion prior to confirmation of a plan. This song has been sung before.

Section 1326(a)(2) provides as follows:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. **If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).**[18]

Movant asserts the third sentence in § 1326(a)(2) is procedural and controls a conversion to Chapter 7 pre-confirmation. Movant is not alone.

After *Harris*, Judge David E. Rice for the United States Bankruptcy Court for the District of Maryland determined *Harris* does not apply to the conversion of a case to Chapter 7 pre-confirmation. In *In re Brandon*, Judge Rice explained:

> In a case converted prior to confirmation, the service of the Chapter 13 trustee is similarly terminated under § 348(e). But as

---

[18] § 1326(a)(2) (emphasis added).

> the Supreme Court acknowledged [in *Harris*], the former Chapter 13 trustee nevertheless has some ongoing responsibilities after conversion.  Because a plan has not been confirmed, I conclude that those post-conversion responsibilities continue to include compliance with the third sentence of § 1326(a)(2) requiring the payment of administrative expenses such as the remaining allowed fee of debtor's counsel prior to returning unpaid funds to a debtor.[19]

Judge Rice relied on *In re Michael*,[20] a pre-*Harris* decision issued by the United States Court of Appeals for the Third Circuit, to give effect to the third sentence of § 1326(a)(2).  In *Michael*, the Third Circuit acknowledged conversion to Chapter 7 terminates the services of a Chapter 13 trustee by operation of § 348(e), but further stated "if the case is converted prior to confirmation of a plan, the trustee must return any payments held by him to the debtor after deducting adequate funds for him to pay allowed administrative expense claims. *See* 11 U.S.C. § 1326(a)(2)."[21]  Judge Rice concluded "[e]ach of the three sentences in § 1326(a)(2) addresses a different issue based on the procedural posture of the Chapter 13 case. . . .  As the Third Circuit indicated in *Michael*, the third sentence of § 1326(a)(2) applies generally to cases in which a Chapter 13 plan is not confirmed and is simply not a provision swept away by conversion of a case to one under Chapter 7."

This Court respectfully disagrees with the conclusion in *Brandon*, the lone support for Movant's position.  The Supreme Court rejected the "principled basis"[22] relied upon in *Brandon* that a Chapter 13 trustee's case conversion "wind up" duties included distributing funds to creditors.  As Justice Ginsburg stated:

> [The former Chapter 13 trustee] alternatively urges that a terminated Chapter 13 trustee's "duty" to distribute funds to creditors is a facet of the trustee's obligation to "wind up" the affairs of the Chapter 13 estate following conversion. . . .  The Federal Rules of Bankruptcy Procedure, however, specify what a terminated Chapter 13 trustee must do postconversion: (1) she must turn over records and assets to the Chapter 7 trustee, Rule 1019(4); and (2) she must file a report with the United States

---

[19] *In re Brandon*, 537 B.R. 231, 236 (Bkrtcy. D. Md. 2015).

[20] *In re Michael*, 699 F.3d 305, 310 (3d. Cir. 2012).

[21] *Id.*

[22] *Brandon*, 537 B.R. at 236.

> bankruptcy trustee, Rule 1019(5)(B)(ii). Continuing to distribute funds to creditors pursuant to the defunct Chapter 13 plan is not an authorized "wind-up" task.[23]

Likewise, continuing to distribute funds to creditors pursuant to a Chapter 13 plan that never was, is not an authorized "wind up" duty set forth in FED. R. BANKR. P. 1019.

     To suggest Rule 1019 controls only post-confirmation conversion from Chapter 13 to Chapter 7 is inaccurate. FED. R. BANKR. P. 1019 governs the procedural issues that may arise when a case is converted to Chapter 7, regardless of when the conversion is sought by a debtor.[24] The Supreme Court recognized the utility of Rule 1019, and rejected the argument that payment of creditor claims from undisbursed postpetition earnings was a "wind up" function of former Chapter 13 trustees. "Rule 1019 implements section 348 of the Bankruptcy Code, which governs substantive issues of claims, timing and discharge in the converted case."[25] As set forth above, the Supreme Court examined and relied upon § 348(e) and (f) to resolve the *Harris* matter, which is precisely what Rule 1019 accomplishes. Therefore, distributing funds to creditors using undistributed postpetition earnings cannot be considered a "wind up" task even if conversion is sought prior to confirmation.

     Moreover, the Supreme Court's broad statement, "[w]hen a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway[,]"[26] is not limited to post-confirmation conversion. The applicability of *Harris* does not hinge on whether a debtor converts a case to Chapter 7 before or after confirmation of a plan, and the growing majority of bankruptcy courts agree.[27] In *In re Beauregard*,[28] the United States Bankruptcy Court for the District of New Mexico concluded:

---

[23] *Harris v. Viegelahn*, 135 S. Ct. at 1839.

[24] Rule 1019 imposes more wind up duties on former Chapter 13 trustees when a case in converted after plan confirmation. *See* FED. R. BANKR. P. 1019(5)(C). Thus, if the Supreme Court found distributions to creditors were not "wind up" duties in a post-confirmation conversion scenario with additional duties, this Court will not impose additional duties in a pre-confirmation conversion scenario.

[25] 9 COLLIER ON BANKRUPTCY ¶ 1019.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[26] *Harris v. Viegelahn*, 135 S. Ct. at 1838 (quoting § 103(i) for the proposition "Chapter 13 . . . applies only in a case under [that] chapter.").

[27] *In re Beauregard*, 533 B.R. 826, 831 (Bankr. D.N.M. 2015); *In re Sowell*, 535 B.R. 824 (Bankr. D. Minn. 2015); *In re Beckman*, 536 B.R. 446 (Bankr. S.D. Ca. 2015); *In re*

According to *Harris*, *no* provision in Chapter 13, including § 1326(a)(2), "holds sway" after conversion. 135 S.Ct. at 1838 (Upon conversion "the case is placed under Chapter 7's governance, and no provision in Chapter 13 holds sway."). While *Harris* was focused on the second sentence of § 1362(a)(2), there is no principled basis upon which to continue to give effect to the third but not the second sentence of § 1326(a)(2) after conversion.

Further, because *Harris* rejected the argument that distributing funds to creditors is a "wind up" duty, it follows that former Chapter 13 trustees likewise lack authority to pay administrative expenses as a "wind up" duty before remitting funds to the debtor. Like the obligation of a Chapter 13 trustee to pay creditors, the obligation of a Chapter 13 trustee to pay administrative claimants is rooted in Chapter 13.

In sum, the *Harris* decision means that if a Chapter 13 case is converted to Chapter 7 before plan confirmation, all funds held by the standing Chapter 13 trustee on conversion that are not property of the Chapter 7 estate must be returned to the debtor, without paying administrative expenses.[29]

This Court agrees with, joins and adopts this majority view.

In summary, this Court finds *Harris* applies equally to cases converted from Chapter 13 to Chapter 7 after confirmation and prior to confirmation, and allowed administrative expense claims under § 503(b) may not be paid from undistributed postpetition earnings in a case converted from Chapter 13 to Chapter 7.

## CONCLUSION

As noted in *Beauregard*,[30] this Court is mindful of the potential chilling effect *Harris* may have on Chapter 13 debtor representation. However, absent

---

*Spraggins*, 2015 WL 5227836 (Bankr. D.N.J. Sept. 3, 2015) (relying on *Beauregard* and *Sowell*); *In re Marshall*, 2016 WL 402386 (Bankr. W.D. La. Jan. 28, 2016).

[28] *Beauregard*, 533 B.R. at 832.

[29] *Id.* at 831-32.

[30] *Id.* at 832.

a subsequent change in law, this Court must apply *Harris* as written. Unless conversion is sought in bad faith, "former Chapter 13 trustees must remit all held funds to the debtor that are not property of the Chapter 7 estate, without paying any creditors or administrative expenses. *Harris*' broad holding applies to converted cases whether or not plans were confirmed."[31]

Accordingly, the Court

ORDERS the relief requested in Movant's Application is DENIED. The Trustee shall return the undistributed $665.00 to the Debtor as soon as practicable.

DATED February 12, 2016.                    BY THE COURT:

_____
Hon. Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

[31] *Id.*